AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ERIK BARNER<br><br>*Defendant(s)* | Case No. 8:23MJ1305JSS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  March 29, 2022 - March 15, 2023  in the county of  Pinellas  in the  Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Task Force Officer Michael Bauer, ATF
*Printed name and title*

Sworn to before me over the telephone and
signed by me pursuant to Fed. R. Crim. P. 4.1 and 41 (d)(3).

Date: 3/21/2023

*Judge's signature*

City and state:     Tampa, FL            JULIE S. SNEED, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Michael Bauer, am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), U.S. Department of Justice, and have been so since December of 2021. I am currently assigned to the ATF Tampa Field Division, Tampa Group I. Additionally, I am a full time Detective with the Saint Petersburg Police Department (SPPD) assigned to the Vice and Narcotics Unit. I have been employed with SPPD for over 14 years. Throughout my law enforcement career, I have investigated crimes to include, but not limited to: Burglary, Auto Theft, Robbery, Carjacking, various Narcotics and Firearms Violations, Aggravated Battery/Assault, and Homicide.

2. Task Force Officers are criminal investigators also known as detectives, who gather facts and collect evidence of possible crimes. Task Force Officers have the ability to talk to witnesses and suspects. Task Force Officers are authorized to investigate violations of laws of the United States, and to execute arrest and search warrants issued under the authority of the United States.

3. I submit only those facts believed to be relevant in the determination of probable cause, and this affidavit should not be construed as a complete statement of all the facts in this investigation. I derived the following pertinent facts through consultation with other law enforcement officers, a review of reports, and my personal investigative efforts and personal knowledge, as well as my experience and background.

4.  The below facts will detail a narcotics investigation where a subject, Erik BARNER (DOB: 08/17/1978, SSN: XXX-XX-1914), sold narcotics to two different Confidential Informants on multiple occasions. The facts will show that BARNER did possess with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) within St. Petersburg, Florida, in the Middle District of Florida.

3.  On or about March 29, 2022, Saint Petersburg Police Department (SPPD) detectives received information from a Confidential Informant (CI)[1] regarding a subject involved in dealing narcotics. The CI[1] alleged this subject was selling narcotics from the **Subject Premises**. The CI[1] provided a phone number of 727-851-2621 to detectives as the subject dealing narcotics who goes by "Nut." Detectives ran the phone number through several law enforcement databases and located a subject known as Erik BARNER (DOB: 08/17/1978, SSN: XXX-XX-1914). Detectives ran BARNER through ELVIS (criminal history database) which showed that one of his aliases is "Peanut" and another is "Erik Jones". Detectives showed the CI[1] a picture of BARNER in which the CI[1] stated that this is the person he knows as "Nut."

---

[1] The CI is cooperating with law enforcement for financial gain. The CI has provided information concerning criminal activity to the SPPD for several years. The CI has provided information relevant to this investigation since approximately March 29th of 2022. During that time, detectives/agents have independently corroborated information that the CI provided to them, and detectives/agents believe that the information the CI has provided is credible, reliable, and truthful.

4. On or about November 16, 2022, CI[1] and an undercover SPPD detective (UC) traveled to the **Subject Premises** to meet with the subject, who was later identified as Erik BARNER (AKA: "NUT", "Erik JONES"; DOB: 08/17/1978, SSN: XXX-XX-1914). The CI[1] exited the UC vehicle and approached the **Subject Premises**. The UC observed the CI[1] make contact with BARNER at the picnic table in front of the detached portion of the residence (west side of property). The UC recognized BARNER due to him assisting with previous operations involving BARNER. After a brief conversation, BARNER walked into the front door of the detached portion of the **Subject Premises** and then exited moments later. BARNER approached the CI[1] and provided approximately 1.89 grams of crack cocaine for $90 in SPPD department funds. The CI[1] returned to the UC vehicle and rode with him back to the staging location. There, the CI[1] handed the crack cocaine to a second UC and then stated that he purchased the narcotics from BARNER. The suspected narcotics later field tested positive for the presence of cocaine.

5. On or about February 22, 2023, CI[2] conducted a controlled purchase of narcotics from BARNER who was sitting in the driver's seat of a Dodge Durango (Florida tag AS4-6FZ; rental vehicle). The Durango was parked on 17th Avenue South facing westbound in front of the detached **SUBJECT PREMISES** (1701 29th Street South, St. Petersburg, FL 33712). The CI[2] provided BARNER with $200 of SPPD department funds in exchange for 5 grams of crack cocaine. The CI[2] then met the UC at a predetermined location while constant surveillance was conducted on the CI[2]. The CI[2] provided the crack cocaine to the UC. The presumptive test was

3

positive for cocaine. The transaction was video/audio recorded. A SPPD UC positively identified BARNER as the subject who sold the CI[2] the crack cocaine from the video recording.

6. On or about March 1, 2023, CI[2] conducted a controlled purchase of narcotics from BARNER who was sitting in the front passenger's seat of a Jeep Gladiator (unknown tag). The Jeep was backed into the driveway of the detached **SUBJECT PREMISES**. The CI[2] provided BARNER with $500 of SPPD department funds in exchange for 14 grams of crack cocaine. BARNER then got out of the Jeep and entered the detached portion of the **SUBJECT PREMISES**. Shortly after, BARNER exited SUBJECT PREMISES and handed the CI[2] a plastic baggy or the crack cocaine. The CI[2] then met the UC at a predetermined location while constant surveillance was conducted on the CI[2]. The CI[2] provided the UC with the crack cocaine. The presumptive test was positive for cocaine. The transaction was video/audio recorded. A SPPD UC positively identified BARNER as the subject who sold the CI[2] the crack cocaine from the video recording.

---

[2] CI is cooperating with law enforcement for financial gain. The CI has provided information concerning criminal activity to the Saint Petersburg Police Department for approximately two months. The CI has provided information relevant to this investigation since approximately February 22, 2023. During that time, agents have independently corroborated information that the CI provided to them, and agents believe that the information the CI has provided is credible, reliable and truthful.

7.  On or about March 10, 2023 $CI^2$ conducted a controlled purchase of narcotics from BARNER who was sitting in the driver's seat of a gray Chevrolet Silverado 1500 (unknown tag). The Silverado 1500 was backed into the driveway of the detached SUBJECT PREMISES. The $CI^2$ provided BARNER with $1,200 of SPPD department funds in exchange for one whole " cookie" of crack cocaine along with several loose pieces (44.5 grams total). The $CI^2$ then met the UC at a predetermined location while constant surveillance was conducted on the $CI^2$. The

8.  $CI^2$ provided the UC with the crack cocaine. The presumptive test was positive for cocaine. The transaction was video/audio recorded. A SPPD UC positively identified BARNER as the subject who sold the $CI^2$ the crack cocaine by the video recording.

9.  On or about March 15, 2023, $CI^1$ conducted a controlled purchase of narcotics from BARNER at the **Subject Premises**. Detectives monitored the **Subject Premises** via a law enforcement installed pole camera. The UC dropped the $CI^1$ off north of the **Subject Premises** on 15th Avenue South and kept visual surveillance on him until detectives were able to monitor him on the pole camera. The $CI^1$ approached the front door of the same detached portion of the **Subject Premises** which consisted of an inswing solid door and a glass outswing door. Detectives watched the $CI^1$ from the camera make contact with someone through the front door of the **Subject Premises**. The $CI^1$ was then directed to a window on the east

(northern most) side of the **Subject Premises** by BARNER. BARNER, who the CI' knows as "Nut", provided the CI' with .8 grams of crack cocaine in exchange for $40 in SPPD department funds through this window. The CI' left the residence and walked east to where the UC vehicle was waiting. Detectives continued to watch the CI' on the pole camera until he was out of sight, which is when the UC picked him up. The UC then collected the narcotics from the CI'. Narcotics purchased during this transaction later field tested positive for the presence of cocaine.

10. On or about October 31, 2022, Special Agent (ATF) Cannizzaro queried BARNER's criminal history which showed BARNER had prior felony convictions including, but not limited to Possession of Cocaine, Throwing a Deadly Missile into an Occupied Vehicle, Trafficking in Cocaine (twice), Possession of Marijuana with Intent to Sell, Felon in Possession of a Firearm, Possession of Cocaine with Intent to Sell, and Fleeing and Eluding. If BARNER's criminal history is correct, BARNER would be classified as an armed career criminal under 18 U.S.C. § 924(e).

11. On or about December 13, 2022, I conducted a Driver and Vehicle Information Database (DAVID) query for Erik BARNER. BARNER's address is listed as 1701 29th Street South, St. Petersburg, FL 33712, which is the location of the detached **SUBJECT PREMISES.**

## CONCLUSION

12. Based on the aforementioned facts, your affiant submits that there is probable cause to believe that on February 22, March 1, and March 10 of 2023, BARNER possessed with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) within St. Petersburg, Florida, in the Middle District of Florida.

_____
Task Force Officer Michael Bauer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by this __21__ day of March, 2023.

_____
HONORABLE JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

7